BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

------------------------------------------------------- X
                                                                  :

IN RE: ALUMINUM WAREHOUSING    :    MDL No. 2481
ANTITRUST LITIGATION                     :

                                                                  :    (Electronically filed)
------------------------------------------------------- X

**MEMORANDUM OF DEFENDANTS THE GOLDMAN SACHS GROUP, INC.,
GS POWER HOLDINGS LLC AND METRO INTERNATIONAL TRADE
SERVICES LLC IN SUPPORT OF CONSOLIDATION AND CENTRALIZATION**

       Defendants The Goldman Sachs Group, Inc. ("GS Group"), GS Power Holdings LLC ("GS Power") and Metro International Trade Services LLC ("Metro") (collectively, the "GS Defendants") hereby respectfully respond to Movant Superior Extrusion, Inc.'s August 7, 2013 corrected motion to consolidate and centralize in the Eastern District of Michigan several (currently eight) putative class actions alleging violations of the federal antitrust laws and other theories relating to the storage and warehousing of aluminum.[1] (*See* Corrected Mot. of Pl. Superior Extrusion, Inc. for Transfer and Centralization in the Eastern District of Michigan (Aug. 7, 2013), Dkt. 2 ("Movant's Mot."); Pl.'s Mem. of Law in Supp. (Aug. 7, 2013), Dkt. 2-1 ("Movant's Mem.").) Four of the pending cases are in the Eastern District of Michigan. The other four pending cases are in the Southern District of New York, the Northern District of Florida, the Eastern District of Louisiana and the Central District of California.

       The GS Defendants support pre-trial consolidation of these related actions in one district pursuant to 28 U.S.C. § 1407. The GS Defendants believe that such centralization is most appropriate in either the Southern District of New York (where GS Group, GS Power and

---

[1] In submitting this response, the GS Defendants do not waive, and expressly preserve, all defenses including, without limitation, defenses of improper service and lack of personal jurisdiction, as well as all defenses and objections to class certification.

another defendant are headquartered and where many other witnesses and documents are located) or the Eastern District of Michigan (where Metro is headquartered and certain of Metro's aluminum warehouses are located), but express no preference between those two districts. Consolidation in either of those two districts will serve the efficiency, fairness and convenience goals articulated in 28 U.S.C. § 1407, and both districts have judges with the ample experience and docket capacity to manage multi-district proceedings in these matters fairly and efficiently for all parties. By contrast, there is no comparable nexus of the events, witnesses or documents to the other jurisdictions in which cases have been filed.

## BACKGROUND

The eight related actions currently on file are:

- *Superior Extrusion, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13315 (E.D. Mich. Aug. 1, 2013) ("*Superior Extrusion* Compl.").

- *Master Screens, Inc., et al.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-00431 (N.D. Fla. Aug. 6, 2013), amended August 13, 2013 ("*Master Screens* Am. Compl.").

- *River Parish Contractors, Inc.* v. *Goldman Sachs Group, Inc., et al.*, 13-cv-05267 (E.D. La. Aug. 6, 2013) ("*River Parish* Compl.").

- *Team Ward Inc. d/b/a War Eagle Boats* v. *Goldman Sachs Group Inc., et al.*, Case No. 13-cv-13413 (E.D. Mich. Aug. 8, 2013) ("*Team Ward* Compl.").

- *Custom Aluminum Products, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13418 (E.D. Mich. Aug. 8, 2013) ("*Custom Aluminum* Compl.").

- *VIVA Railings, LLC, et al.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-5537 (S.D.N.Y. Aug. 8, 2013) ("*VIVA Railings* Compl.").

- *International Extrusions, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13555 (E.D. Mich. Aug. 16, 2013) ("*Int'l Extrusions* Compl.").

- *Mag Instrument, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-01464 (C.D. Cal. Aug. 16, 2013) ("*Mag Instrument* Compl.").[2]

These closely related cases would benefit from pre-trial consolidation before a single court under the criteria set forth in Section 1407 and in the Panel Rules. (*See* Movant's Mem. at 5–7.) The cases all involve the storage and warehousing of aluminum and contend that aluminum prices have been inflated in violation of federal antitrust and other laws.[3] (*See generally Superior Extrusion* Compl. ¶¶ 1, 29–30, 133–44; *Master Screens* Am. Compl. ¶¶ 2–3, 75–108; *River Parish* Compl. ¶¶ 1–2, 29–31, 131–42; *Team Ward* Compl. ¶¶ 1–3, 95–105; *Custom Aluminum* Compl. ¶¶ 1–2, 29–30, 133–44; *VIVA Railings* Compl. ¶¶ 1, 68–69, 78–84; *Int'l Extrusions* Compl. ¶¶ 1, 29–30, 133–44; *Mag Instrument* Compl. ¶¶ 1, 116–22.) Specifically, all of the complaints rely on a similar set of alleged facts related to the storage of aluminum in warehouses regulated by the London Metal Exchange ("LME"), and they all focus on the same post-2010 time period. (*See*, *e.g.*, *Superior Extrusion* Compl. ¶¶ 1, 4, 49–58, 125; *Master Screens* Am. Compl. ¶¶ 1, 22–34; *River Parish* Compl. ¶¶ 1, 4, 46–59, 123; *Team Ward* Compl. ¶¶ 1, 9–11, 28–49, 84; *Custom Aluminum* Compl. ¶¶ 1, 4, 49–58, 125; *VIVA Railings* Compl. ¶¶ 1–2, 19–25, 68, 71; *Int'l Extrusions* Compl. ¶¶ 1, 4, 49–58, 125; *Mag Instrument* Compl. ¶¶ 1, 3–5, 59–66.) The complaints further allege overlapping putative classes of individuals or entities that claim to have purchased aluminum during the proposed class period at supposedly inflated prices. (*See Superior Extrusion* Compl. ¶ 125; *Master Screens* Am. Compl.

---

[2] The last five actions were filed after Movant's transfer motion and brief were submitted, but are properly subject to the instant motion (and Interested Party responses) as "tag-along actions or other cases" that were "subsequently filed asserting related or similar claims." Movant's Mot. at 1–2; JPML R. 6.2(d)–(e); 7.1.

[3] The *Master Screen* case also asserts violations of the Racketeer Influenced and Corrupt Organization Act, certain unidentified federal consumer protection statutes, and various state antitrust and consumer protection statutes, as well as claims for unjust enrichment and fraudulent concealment.

¶ 59; *River Parish* Compl. ¶ 123; *Team Ward* Compl. ¶ 84; *Custom Aluminum* Compl. ¶ 125; *VIVA Railings* Compl. ¶ 71; *Int'l Extrusions* Compl. ¶ 125; *Mag Instrument* Compl. ¶ 27.)

## ARGUMENT

### I. THESE RELATED ACTIONS SHOULD BE CENTRALIZED IN A SINGLE COURT PURSUANT TO 28 U.S.C. § 1407.

The MDL statute authorizes the transfer and pre-trial consolidation in a single district of multiple civil actions "for the convenience of parties and witnesses" if the cases are pending in different districts and share "one or more common questions of fact." 28 U.S.C. § 1407(a). For the reasons set forth above and in the consolidation portion of Movant's brief (Movant's Mem. at 5–7), there can be no doubt that all eight of these cases involve "one or more common questions of fact" and that they should be centralized "for the convenience of parties and witnesses." (*See also* Movant's Mot. 2; Movant's Mem. at 5 (asserting that cases "challenge the same conduct, raise similar claims, and seek similar relief").)

The MDL process was established to address precisely this type of situation. Adjudicating these matters will require the trial court to develop knowledge of the various alleged product markets, aluminum warehousing operations and LME rules and to supervise extensive motion practice and potentially discovery if early dispositive motions are unsuccessful. The GS Defendants support consolidation in a single district because such "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re Ford Fusion & C-Max Fuel Economy Litig.*, 2013 WL 2569781, at *1 (J.P.M.L. June 7, 2013).

## II. THESE ACTIONS SHOULD BE CENTRALIZED IN EITHER THE SOUTHERN DISTRICT OF NEW YORK OR THE EASTERN DISTRICT OF MICHIGAN.

The GS Defendants believe that there are two potentially viable districts here for centralization: the Southern District of New York or the Eastern District of Michigan. The GS Defendants respectfully request that the eight pending related cases (and any others that may be filed) be transferred to one of those two districts for coordinated or consolidated pre-trial proceedings, but they express no preference between them. Consolidation in any other jurisdiction in which cases are pending, by contrast, would be unsupported by the relevant factors.

***Southern District of New York.*** One of the related actions, *VIVA Railings, LLC, et al.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-5537 (S.D.N.Y. Aug. 8, 2013), is pending in the Southern District of New York. That action was filed on August 8, 2013, only one week after the first-filed action.

Centralizing the cases in the Southern District of New York would promote the just and efficient conduct of the litigation. Three of the defendants in various of the actions, GS Group, GS Power and JPMorgan Chase & Co., are headquartered in the Southern District of New York. New York City is also a convenient forum for all the parties and witnesses, particularly for witnesses from abroad who may need to travel to the U.S. for this litigation.

In addition, the Southern District of New York has handled many complex antitrust MDLs in a wide variety of industries. As the financial center of this country, Southern District of New York judges also have broad experience with complicated litigation related to the financial markets and thus have the background necessary to preside over the instant litigation relating to exchange-traded aluminum warrants, forward contracts and futures contracts and the governing LME rules. *See*, *e.g.*, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 802 F.

Supp. 2d 1380, 1381 (J.P.M.L. 2011).  Accordingly, judges in the Southern District of New York are qualified to manage these actions for pre-trial purposes fairly and efficiently for all parties. *See*, *e.g.*, *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 659 F. Supp. 2d 1366, 1367 (J.P.M.L. 2009).

***Eastern District of Michigan.***  Four of the eight cases filed to date are pending in the Eastern District of Michigan.  *See Superior Extrusion, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13315 (E.D. Mich. Aug. 1, 2013); *Team Ward Inc. d/b/a War Eagle Boats* v. *Goldman Sachs Group Inc., et al.*, Case No. 13-cv-13413 (E.D. Mich. Aug. 8, 2013); *Custom Aluminum Prods., Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13418  (E.D. Mich. Aug. 8, 2013); *Int'l Extrusions, Inc.* v. *Goldman Sachs Group, Inc., et al.*, Case No. 13-cv-13555 (E.D. Mich. Aug. 16, 2013).

The Eastern District of Michigan is the headquarters of one of the defendants, Metro, and many of Metro's LME-regulated aluminum warehouses are located in the Detroit area.  Judges in the Eastern District of Michigan likewise have presided over complex antitrust MDLs in a wide variety of industries.   Accordingly, they have the experience to "ensure[] that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary."  *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 659 F. Supp. 2d at 1367.

\*          \*          \*

Because either the Southern District of New York or the Eastern District of Michigan would be an appropriate forum for coordinated or consolidated pre-trial proceedings in these eight related actions, the GS Defendants express no preference between them.  By contrast, none

of the other relevant jurisdictions offer comparable efficiencies or connections to the events and evidence.

## **CONCLUSION**

For the foregoing reasons, the GS Defendants support pre-trial consolidation of the related matters before a single judge and respectfully request that the cases be transferred either to the Southern District of New York or to the Eastern District of Michigan for coordinated or consolidated pre-trial proceedings.

Dated: August 28, 2013
      New York, New York

Respectfully submitted,

/s/ Richard C. Pepperman II
Richard C. Pepperman II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
peppermanr@sullcrom.com
Telephone:  (212) 558-4000

*Attorneys for defendants The Goldman Sachs Group, Inc., GS Power Holdings LLC and Metro International Trade Services LLC*