**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE ALUMINUM WAREHOUSING ANTITRUST LITIGATION | MDL No. 2481 |

**PLAINTIFF MAG INSTRUMENT, INC.'S INTERESTED PARTY RESPONSE TO PLAINTIFF SUPERIOR EXTRUSION, INC.'S MOTION FOR TRANSFER AND CENTRALIZATION UNDER 28 U.S.C. §1407**

Mag Instrument, Inc., plaintiff in *Mag Instrument, Inc. v. The Goldman Sachs Group Inc., et al.*, No. 13-01464 (C.D. Cal.), respectfully submits this interested party response to Plaintiff Superior Extrusion, Inc.'s ("Movant") Motion for Transfer and Centralization Under 28 U.S.C. §1407, filed August 7, 2013 (ECF No. 1).

**I.      INTRODUCTION**

Plaintiff and interested party, Mag Instrument, Inc. ("Respondent"), agree with Plaintiff Superior Extrusions, Inc.'s motion that transfer and centralization are appropriate under 28 U.S.C. §1407. Respondent respectfully requests that the Panel consolidate and transfer these related actions to the Central District of California. Certain Defendants maintain corporate offices within the Central District of California other Defendants maintain aluminum warehouses that are located within the district. Two defendants – The Goldman Sachs Group, Inc. ("Goldman Sachs") and JP Morgan Chase & Company – maintain corporate offices in the Central District of California. Other defendants, Metro International Trade Services LLC and Pacorini Metals USA LLC, maintain aluminum warehouses within the district.

The Central District of California has experience handling MDLs, including antitrust MDLs, and has been recognized by the Panel as having the judicial capacity to handle this complex case.

1

Moreover, the Honorable Christina Snyder, who has been assigned to the action pending in the Central District of California, is an experienced jurist fully capable of managing a complex docket and has been previously selected by the Panel to preside over at least one MDL. The Central District of California maintains a favorable median timeframe for bringing civil actions to trial and has the judicial resources and experience necessary for the just and efficient conduct of the related *Aluminum Warehousing* actions. In the alternative, should the Panel disagree that the Central District of California is the most appropriate forum for transfer and consolidation, Respondent believes that the Eastern District of Michigan is the most appropriate forum for these actions.

## II.    STATEMENT OF FACTS

The primary claim in each of the related actions is that Defendants conspired with each other in violation of the Sherman Antitrust Act to fix the prices that Plaintiffs paid for aluminum, using a variety of schemes. There are presently eight related class actions (the "Related Actions") pending in five district courts across the country:

- *Superior Extrusion, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 2:13-cv-13315 (E.D. Mich.) (filed Aug. 1, 2013);

- *International Extrusions, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 2:13-cv-13555 (E.D. Mich.) (filed Aug. 1, 2013);

- *Master Screens, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 4:13-cv-00431 (N.D. Fla.) (filed Aug. 6, 2013);

- *River Parish Contractors Inc. v. Goldman Sachs Group, Inc., et al.*, No. 2:13-cv-05267 (E.D. La.) (filed Aug. 6, 2013);

- *Team Ward, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 13-cv-13413 (E.D. Mich.) (filed Aug. 8, 2013);

- *Custom Aluminum Products, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 2:13-cv-13418 (E.D. Mich.) (filed Aug. 8, 2013);

- *Viva Railings, LLC, et al. v. Goldman Sachs Group, Inc., et al.*, No. 1:13-cv-05537 (S.D. N.Y.) (filed Aug. 8, 2013); and

- *Mag Instrument, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 5:13-cv-01464 (C.D. Cal.) (filed Aug. 16, 2013).

None of these actions is procedurally more advanced than the other as they have all been filed within approximately 30 days of one another. Thus, this factor does not support any particular district. The eight *Aluminum Warehousing* actions are currently pending in five districts: the Central District of California, the Eastern District of Michigan, the Eastern District of Louisiana, the Southern District of New York, and the Northern District of Florida.

In the Central District of California, the action is pending before the Honorable Christina A. Snyder, who is currently assigned one MDL action. In the Eastern District of Michigan, the actions are pending before the Honorable Paul D. Borman, who is currently assigned one MDL action. In the Eastern District of Louisiana, the action is pending before the Honorable Eldon E. Fallon, who has no MDLs assigned to him. In the Southern District of New York, the action is pending before Judge Victor Marrero, who is assigned to three MDL actions. In the Northern District of Florida, the action is pending before the Honorable Robert L. Hinkle, who is not currently assigned any MDL actions.

## III.    ARGUMENT

28 U.S.C. §1407 governs the transfer of cases for coordinated proceedings. §1407(a) provides, in relevant part, that "transfers for [coordinated] proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *See also In re Auto. Refinishing Paint Antitrust Litig.*, 177 F. Supp. 2d 1378, 1379 (J.P.M.L. 2001) (consolidating cases in a venue close to, or where, "pertinent documents and witnesses can be expected to be found").

The Central District of California is appropriate for the consolidation and transfer of these actions because: (1) it serves the convenience of all the concerned parties; and (2) is situated for the just and efficient conduct of the actions.

### A.    The Panel Should Consolidate All Related *Aluminum Warehousing* Actions

Respondent agrees with Movant that the three civil actions identified by Movant and the more recently-filed actions listed above satisfy that statutory prerequisites for transfer and coordination or consolidation because the actions are "pending in different districts," involve "one or more common questions of fact," and transfer will facilitate the "convenience of the parties and witnesses" and "promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a). The *Aluminum Warehousing* actions challenge the same conduct by a substantially similar set of Defendants, under similar theories of law, and each action is styled as a class action complaint. The desire to avoid inconsistent rulings on class certification is an important factor in centralizing matters in a single forum. *See, e.g., In re Charlotte Russe, Inc. Fair & Accurate Credit Transactions Act Litig.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) ("Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification"); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 474 F. Supp. 2d 1357, 1358 (J.P.M.L. 2007) (same); *In re Plumbing Fixtures*, 308 F. Supp. 242, 243-44 (J.P.M.L. 1970) ("[P]otential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings").

### B.    The Central District of California Would Afford Convenience to Interested Parties, Witnesses, and Documents

In determining the appropriate transferee district, the Panel frequently considers the overall connection between each district and the overall litigation. *See In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 930 (J.P.M.L. 1980). The Central District of California is an appropriate venue because a substantial number of witnesses and evidence are located there. *See, e.g., In re Live Concert Antitrust Litig.*, 429 F. Supp. 2d 1363, 1364 (J.P.M.L. 2006) (transferring action to Central

District of California since the district is "likely to provide a substantial number of witnesses and documents").

Defendants are located throughout the United States and Europe. Nearly all of the Defendants have a strong connection to California, particularly the Central District. Defendants Goldman Sachs and JPMorgan Chase & Co. maintain executive offices within the Central District in Los Angeles. Defendants Metro International Trade Services LLC ("Metro") and Pacorini Metals USA LLC own and operate warehouses in Long Beach and Los Angeles, respectively. Metro also maintains an office within the Central District in Compton, California. Plaintiff Mag Instrument, Inc. is also headquartered in the Central District, having its headquarters, its 700,000 square foot manufacturing plan, and practically its entire employed workforce (of over 600 persons) in Ontario, California. There, Mag Instrument designs, manufactures, and sells high-quality, durable, aluminum-bodied flashlights, including the iconic and award-winning MAGLIGHT® and MINI MAGLITE® flashlights. In the manufacture of these flashlights, Mag Instrument consumes large quantities of aluminum purchased from Defendants and their affiliates.

### C.    The Central District of California Is Well-Positioned to Efficiently Adjudicate the Coordinated Actions

The factors that are determinative as to the proper transferee court weigh in favor of the Central District of California.

Although the Central District of California has a high number of pending actions, it has a low median time from filing to trial, meaning that the cases on file in the district are adjudicated

efficiently.  When compared to the Southern District of New York, the median case in the Central

District of California is brought to trial nearly 11 months faster.[1]

Furthermore, the Central District of California is a convenient location for the parties.  Los

Angeles is a major city serviced by all major airlines via direct flights from cities across the country

and offers plentiful hotel rooms.  No party could show any hardship with respect to litigating in Los

Angeles.

**D.      Judge Snyder Has the Experience and Resources Necessary to Manage This MDL**

Respondent believes that the Central District of California is the proper transferee forum, and

in particular, that Judge Snyder is the appropriate transferee judge, because the Court and the Judge

would advance the very purpose of consolidation: to promote the just and efficient conduct of the

actions.  Moreover, Judge Snyder has demonstrated her ability to manage a complex docket such as

this case, and has been previously selected by the Panel to preside over at least one MDL, *In re*

*Oreck Corporation Halo Vacuum and Air Purifiers Marketing and Sales Practices Litigation*.

Although the *Oreck* action is still pending, the case is no longer active pursuant to a Chapter 11

Bankruptcy Petition, with the parties providing quarterly status reports as the only activity presently

continuing in the case.  *See In re Oreck*, 2:12-ml-02317 (ECF No. 66).  Thus, this factor weighs in

favor of transferring the Related Actions to the Central District of California.  *In re Progressive*

*Corp. Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003)

(transferee judge had caseload favorable to assignment).

---

[1]      *See* United States District Courts – National Judicial Caseload Profile, available at
http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2
013/district-fcms-profiles-march-2013.pdf&page=1 (last accessed August 27, 2013).

IV.     CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Panel enter an order transferring the Related Actions to the Central District of California for coordinated pretrial proceedings.[2]

DATED:  August 28, 2013                    SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

                                            /s/ Christopher M. Burke
                                           CHRISTOPHER M. BURKE
                                           JOHN T. JASNOCH
                                           707 Broadway, Suite 1000
                                           San Diego, CA  92101
                                           Telephone:  619-233-4565
                                           619-233-0508 (fax)

                                           DAVID R. SCOTT
                                           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
                                           156 South Main Street
                                           P.O. Box 192
                                           Colchester, CT 06415
                                           Telephone:  860-537-5537
                                           860-537-4432

                                           MAX SCHWARTZ
                                           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
                                           405 Lexington Avenue, 40th Floor
                                           New York, NY 10174
                                           Telephone:  212-223-6444
                                           212-223-6334 (fax)

                                           DANIEL J. MOGIN
                                           THE MOGIN LAW FIRM, P.C.
                                           707 Broadway, Suite 1000
                                           San Diego, CA 92124
                                           Telephone:  619-687-6611
                                           619-687-6610 (fax)

---

[2]     In the event that the Panel disagrees that the Central District of California is the most appropriate forum, Respondent respectfully submits that the Eastern District of Michigan would be the appropriate forum for these actions for the reasons articulated in the opening motion by Movant Superior Extrusion.

GARRETT W. WOTKYNS
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Telephone:  480-428-0144
480-505-8036 (fax)

TODD M. SCHNEIDER
JASON H. KIM
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-421-7100
415-421-7105 (fax)

JOSEPH C. PEIFFER
FISHMAN HAYGOOD PHELPS WALMSLEY
WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone:  505-586-5259
505-586-5250 (fax)

*Counsel for Plaintiff Mag Instrument, Inc.*