# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ALUMINUM WAREHOUSING
ANTITRUST LITIGATION                                           MDL No. 2481

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an Eastern District of Michigan action (*Superior Extrusion*) moves for centralization of this litigation involving anticompetitive conduct in the market for aluminum in the Eastern District of Michigan. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of 23 related actions pending in various districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. Movant's request for the Eastern District of Michigan is joined by plaintiffs in thirteen potential tag-along actions pending in various districts. Plaintiffs in the Northern District of Florida action suggest centralization in the Northern District of Florida. Plaintiffs in a Central District of California potential tag-along action suggest centralization in the Central District of California. Plaintiff in the Eastern District of Louisiana action suggest centralization in the Eastern District of Louisiana. Several plaintiffs, in the event that their primary suggested forum is not selected, suggest centralization in the Eastern District of Michigan. Plaintiffs in three Southern District of New York potential tag-along actions support centralization in the Southern District of New York, as do defendants London Metal Exchange, Ltd.; Henry Bath LLC; and JP Morgan Chase & Co. Goldman Sachs defendants[2] support centralization in either the Eastern District of Michigan or the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations that defendants violated federal antitrust law by monopolizing domestic aluminum supplies, conspiring to restrain aluminum supplies, and fixing the prices

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The Goldman Sachs Group, Inc.; GS Power Holdings LLC and Metro International Trade Services LLC (Metro International).

-2-

of aluminum premiums. Plaintiffs specifically focus on conduct involving a series of warehouses owned by Goldman Sachs subsidiary Metro International in the Detroit area, where the alleged backlog of aluminum has occurred. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (especially with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

Weighing all factors, we have selected the Southern District of New York as the transferee forum. This forum has a significant connection to the litigation, inasmuch as defendants J.P. Morgan and Goldman Sachs are headquartered there. Numerous decisions regarding alleged anticompetitive conduct in the market for aluminum likely were made in this district. Moreover, this district is a relatively convenient forum for a central figure in the alleged conspiracy, the London Metal Exchange. By centralizing this litigation before Judge Katherine B. Forrest, we are selecting a jurist well-versed in the nuances of complex antitrust litigation to steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Katherine B. Forrest for coordinated or consolidated pretrial proceedings.

                                              PANEL ON MULTIDISTRICT LITIGATION

_____
                                              John G. Heyburn II
                                              Chairman

Paul J. Barbadoro        Charles R. Breyer
Lewis A. Kaplan          Sarah S. Vance

IN RE: ALUMINUM WAREHOUSING
ANTITRUST LITIGATION                                                                MDL No. 2481

## SCHEDULE A

<u>Northern District of Florida</u>

Master Screens Inc., et al. v. Goldman Sachs Group Inc., et al., C.A. No. 4:13-00431

<u>Eastern District of Louisiana</u>

River Parish Contractors Inc. v. Goldman Sachs Group, Inc., et al., C.A. No. 2:13-05267

<u>Eastern District of Michigan</u>

Superior Extrusion, Inc. v. Goldman Sachs Group, Inc., et al., C.A. No. 2:13-13315